UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ANTONIA GONZALEZ and JORGE CANTRES,           :
                                              :
                                 Plaintiffs,  :          13CV876(PKC)
                                              :
           - against -                        :          COMPLAINT AND
                                              :          DEMAND FOR JURY TRIAL
THE CITY OF NEW YORK, PATRICIO OVANDO,         :
and "JOHN DOE" #1-9, Individually and in Their :          ECF CASE
Official Capacities,                          :
                                              :
                                 Defendants   :
-------------------------------------------------------------------x

Plaintiffs, by their attorneys, Michelstein & Associates, PLLC, complaining of the

defendants, allege:

## NATURE OF THE ACTION

1.  This is a civil rights action to redress the defendants' violation of the rights accorded

to plaintiffs Antonia Gonzalez and Jorge Cantres by the Civil Rights Act of 1871, 42 U.S.C. §1983,

by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments,

and by the Constitution and laws of the State of New York.

2.  Plaintiffs Antonia Gonzalez and Jorge Cantres are citizens of the United States who

were in their home on November 17, 2011, when defendants Patricio Ovando and "John Doe" #1-9,

who were New York City police officers, forcibly entered their residence pursuant to an improperly

obtained search warrant, handcuffed the plaintiffs and detained them for approximately six hours

while the police officers conducted an exhaustive search of the apartment.  The actions of the police

officers were the result of policies and practices adopted by defendant The City of New York (1) to

apply for and obtain search warrants on the basis of unreliable information, and (2) to obtain search

warrants for the wrong premises.  The defendants' actions were unlawful, and the plaintiffs bring this

action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), and 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of the plaintiffs' constitutional and civil rights, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendant Patricio Ovando can be located within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5. Plaintiff Antonia Gonzalez is a citizen of the United States who resides in the County of Bronx, City and State of New York.

6. Plaintiff Jorge Cantres is a citizen of the Untied States who resides in the County of Bronx, City and State of New York.

7. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

8. At all times relevant herein, defendant The City of New York maintained a police department.

9.  Defendant Patricio Ovando is a natural person who, at all times relevant herein, was employed by defendant The City of New York as a police officer.

10.  At all times relevant herein, defendant Patricio Ovando was acting within the scope of his employment by defendant The City of New York.

11.  Defendants "John Doe" #1-9 are natural persons who, at all times relevant herein, were employed by defendant The City of New York as police officers.

12.  At all times relevant herein, defendants "John Doe" #1-9 were acting within the scope of their employment by defendant The City of New York.

## NOTICE OF CLAIM

13.  On January 26, 2012, and within ninety days of the accrual of the causes of action herein, plaintiffs Antonia Gonzalez and Jorge Cantres served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which their claims arose.

14.  More than thirty days have elapsed since the plaintiffs' Notice of Claim was served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

15.  Plaintiffs incorporate by reference paragraphs 1 through 14 of this complaint as though the same were set forth fully herein.

16.  On November 17, 2011, plaintiffs Antonia Gonzalez and Jorge Cantres resided in apartment 3A at 2111 Southern Boulevard, Bronx, New York.

17.  On November 17, 2011, defendants Patricio Ovando and "John Doe" #1-9 forcibly entered the plaintiffs' residence at 2111 Southern Boulevard, Bronx, New York.

18. The entry of defendants Patricio Ovando and "John Doe" #1-9 into the residence of plaintiffs Antonia Gonzalez and Jorge Cantres was without the permission of the plaintiffs.

19. Upon information and belief, the entry of defendants Patricio Ovando and "John Doe" #1-9 into the plaintiffs' residence was pursuant to a search warrant.

20. Upon information and belief, the search warrant pursuant to which defendants Patricio Ovando and "John Doe" #1-9 entered the plaintiffs' residence was issued upon the basis of extremely unreliable information.

21. Upon information and belief, defendant Patricio Ovando and/or one of the other individual defendants failed to conduct a proper investigation before applying for a search warrant for the residence of the plaintiffs.

22. Upon information and belief, defendant Patricio Ovando and/or one of the other individual defendants based the application for a search warrant on information provided by an unreliable informant.

23. Upon information and belief, defendant Patricio Ovando and/or one of the other individual defendants failed to corroborate information provided by their informant.

24. Upon information and belief, the search warrant pursuant to which defendant Patricio Ovando and defendants "John Doe" #1-9 entered the apartment of plaintiffs Antonia Gonzalez and Jorge Cantres was not issued on probable cause.

25. Upon information and belief, the application for the search warrant that was filed with the court in which the warrant was issued contained false information.

26. Upon information and belief, the officers who applied for the search warrant lacked reliable and trustworthy information to establish probable cause to believe that contraband was present in apartment 3A at 2111 Southern Boulevard.

27. Upon information and belief, the defendants made an error in the identity of the premises for which they obtained a search warrant.

28. Upon information and belief, the search warrant was obtained for the plaintiffs' residence as a result of the negligence and incompetence of defendant Patricio Ovando and/or one of the other individual defendants in the investigation and application for the search warrant.

29. There was no contraband in the plaintiffs' residence.

30. Upon entry into the plaintiffs' residence, defendants Patricio Ovando and "John Doe" #1-9 should have realized that neither plaintiff matched the description of the individual or individuals who were the subject of the investigation which resulted in the issuance of the search warrant and that they were in the wrong apartment.

31. Nevertheless, the individual defendants proceeded to search the residence of plaintiffs Antonia Gonzalez and Jorge Cantres.

32. Upon entering the plaintiffs' residence, defendants Patricio Ovando and "John Doe" #1-9 placed handcuffs on the wrists of plaintiffs Antonia Gonzalez and Jorge Cantres.

33. Plaintiffs Antonia Gonzalez and Jorge Cantres remained in handcuffs for approximately five hours.

34. Defendants Patricio Ovando and "John Doe" #1-9 imprisoned plaintiffs Antonia Gonzalez and Jorge Cantres for approximately six hours while the defendants conducted the search of their residence.

## COUNT ONE ON BEHALF OF PLAINTIFF ANTONIA GONZALEZ
## UNREASONABLE SEARCH AND SEIZURE PURSUANT TO 42 U.S.C. §1983

35. Plaintiffs incorporate by reference paragraphs 1 through 34 of this Complaint as though the same were set forth fully herein.

36. Upon information and belief, the issuance of the search warrant for plaintiff Antonia Gonzalez' residence was the result of incompetence on the part of defendant Patricio Ovando in identifying the premises for which the search warrant was sought.

37. Upon information and belief, the issuance of the search warrant for plaintiff Antonia Gonzalez' residence was the result of incompetence on the part of defendant Patricio Ovando in failing to verify the information upon which the application for the search warrant was based.

38. Upon information and belief, the issuance of the search warrant for plaintiff Antonia Gonzalez' residence was the result of incompetence on the part defendant Patricio Ovando in failing to corroborate the information upon which the application for the search warrant was based.

39. Upon information and belief, the issuance of the search warrant for plaintiff Antonia Gonzalez' residence was the result of incompetence on the part of defendant Patricio Ovando in entering the location for which search warrant was sought in the application for the search warrant.

40. Upon information and belief, the issuance of the search warrant for plaintiff Antonia Gonzalez' residence was the result of incompetence on the part of defendant "John Doe" #1 in identifying the premises for which the search warrant was sought.

41. Upon information and belief, the issuance of the search warrant for plaintiff Antonia Gonzalez' residence was the result of incompetence on the part of defendant "John Doe" #1 in failing to verify the information upon which the application for the search warrant was based.

42. Upon information and belief, the issuance of the search warrant for plaintiff Antonia Gonzalez' residence was the result of incompetence on the part of defendant "John Doe" #1 in entering the location for which the search warrant was sought in the application for the search warrant.

43. Defendants Patricio Ovando and "John Doe" #1 were acting under color of state law when they obtained a search warrant for plaintiff Antonia Gonzalez' residence upon the basis of inadequate and inaccurate information.

44. Defendants Patricio Ovando and "John Doe" #1-9 were acting under color of state law when they forcibly entered plaintiff Antonia Gonzalez' residence pursuant to an improperly obtained search warrant.

45. Defendants Patricio Ovando and "John Doe" #1-9 were acting under color of state law when they searched the residence of plaintiff Antonia Gonzalez pursuant to an improperly obtained search warrant.

46. Defendants Patricio Ovando and "John Doe" #1-9 deprived plaintiff Antonia Gonzalez of her right to be secure in her person, house, papers and effects against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by forcibly entering and searching plaintiff Antonia Gonzalez' residence pursuant to an improperly obtained search warrant.

47. As a result of the foregoing, plaintiff Antonia Gonzalez was subjected to embarrassment, humiliation and emotional distress.

## COUNT TWO ON BEHALF OF PLAINTIFF ANTONIA GONZALEZ
## UNREASONABLE SEARCH AND SEIZURE PURSUANT TO 42 U.S.C. §1983

48. Plaintiffs incorporate by reference paragraphs 1 through 47 of this Complaint as though the same were set forth fully herein.

49. Upon entering the residence of plaintiff Antonia Gonzalez, defendants Patricio Ovando and "John Doe" #1-9 should have realized that an error had been made and that they were in the wrong premises.

50. Defendants Patricio Ovando and "John Doe" #1-9 improperly remained in plaintiff Antonia Gonzalez' residence when they realized, or should have realized, that they were in the wrong premises.

51. Defendants Patricio Ovando and "John Doe" #1-9 were acting under color of state law when they remained in plaintiff Antonia Gonzalez' residence after they realized, or should have realized, that they were in the wrong premises.

52. Defendants Patricio Ovando and "John Doe" #1-9 were acting under color of state law when they searched plaintiff Antonia Gonzalez' residence after they realized, or should have realized, that they were in the wrong premises.

53. Defendants Patricio Ovando and "John Doe" #1-9 deprived plaintiff Antonia Gonzalez of her right to be secure in her person, house, papers and effects against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by searching plaintiff Antonia Gonzalez' residence after they realized or should have realized that they were in the wrong premises.

54. As a result of the foregoing, plaintiff Antonia Gonzalez was subjected to embarrassment, humiliation and emotional distress.

## COUNT THREE ON BEHALF OF PLAINTIFF ANTONIA GONZALEZ
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

55. Plaintiffs incorporate by reference paragraphs 1 through 54 of this Complaint as though the same were set forth fully herein.

56. The seizure, arrest, detention and imprisonment of plaintiff Antonia Gonzalez were made without any warrant or other legal process directing or authorizing her seizure, arrest,

detention, or imprisonment.

57.  The seizure, arrest, detention and imprisonment of plaintiff Antonia Gonzalez were made without probable cause to believe that she had committed a crime or offense.

58.  Plaintiff Antonia Gonzalez was aware of her seizure, arrest, detention and imprisonment by the defendants.

59.  Plaintiff Antonia Gonzalez did not consent to her seizure, arrest, detention or imprisonment.

60.  As a result of the foregoing, plaintiff Antonia Gonzalez was deprived of her liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

61.  Defendants Patricio Ovando and "John Doe" #1-9 were acting under color of state law when they seized, arrested, detained and imprisoned plaintiff Antonia Gonzalez.

62.  Defendants Patricio Ovando and "John Doe" #1-9  deprived plaintiff Antonia Gonzalez of her right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, arresting, detaining and imprisoning plaintiff Antonia Gonzalez.

### COUNT FOUR ON BEHALF OF PLAINTIFF ANTONIA GONZALEZ MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

63.  Plaintiffs incorporate by reference paragraphs 1 through 62 of this Complaint as though the same were set forth fully herein.

64.  The acts complained of were carried out by the individual defendants in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

65.   The acts complained of were carried out by the individual defendants in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

66.   Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of carelessness and incompetence in obtaining search warrants for incorrect addresses, in violation of the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

67.   Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of executing search warrants at the wrong premises, in violation of the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

68.   Errors in identifying the premises to be searched in search warrant applications and search warrants was a phenomenon known to defendant The City of New York.

69.   Despite knowledge that search warrants were being issued for incorrect addresses, defendant The City of New York failed to implement practices which would ensure that errors in addresses were not made in applications for search warrants and in search warrants.

70.   Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of entering incorrect addresses in applications for search warrants and in search warrants, resulting in the issuance and execution of search warrants for incorrect addresses in violation of the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

71. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

(a)  Defendant The City of New York failed properly to train police officers in the requirements for and limitations of search warrants consistent with the requirements of the Fourth, and Fourteenth Amendments of the Constitution of the United States;

(b)  Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during the application for and the execution of search warrants;

(c)  Defendant The City of New York failed properly to monitor forcible entries into residences to determine whether such entries were being made pursuant to valid search warrants consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

(d)  Defendant The City of New York failed properly to monitor the execution of search warrants to determine that the warrants were being executed at the correct premises consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the Untied States;

(e)  Defendant The City of New York failed to discipline police officers for errors in identifying locations in applications for search warrants and search warrants.

72.  The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

73.  The forcible entry into and search of plaintiff Antonia Gonzalez' residence resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the requirements for applying for search warrants, verification of the addresses for which search warrants were being applied, and the execution of search warrants.

74.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice permitting the application for and execution of search warrants at incorrect addresses.

75.  Defendant the City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of condoning police entry into the wrong premises when executing a search warrant.

76.  Defendant The City of New York deprived plaintiff Antonia Gonzalez of her right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing policies, practices or customs of applying for and executing search warrants at incorrect premises.

## COUNT FIVE ON BEHALF OF PLAINTIFF ANTONIA GONZALEZ
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

77.  Plaintiffs incorporate by reference paragraphs 1 through 76 of this Complaint as though the same were set forth fully herein.

78.  Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Patricio Ovando and "John Doe" #1-9 are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

79.  Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

80.  Upon information and belief, defendant The City of New York failed to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights.

81. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

82. The application for a search warrant at an incorrect address, the forcible entry into and search of plaintiff Antonia Gonzalez' residence, and the detention and imprisonment of plaintiff Antonia Gonzalez resulted from the failure of defendant The City of New York properly to train, retrain, supervise, monitor and discipline its police officers for violations of Constitutional rights.

83. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Antonia Gonzalez would be violated.

84. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Antonia Gonzalez.

85. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

86. Defendant The City of New York deprived plaintiff Antonia Gonzalez of her rights to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom  of failing adequately to

investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT SIX ON BEHALF OF PLAINTIFF ANTONIA GONZALEZ
## COMMON LAW TRESPASS

87.   Plaintiffs incorporate by reference paragraphs 1 through 86 of this Complaint as though the same were set forth fully herein.

88.   Defendants Patricio Ovando, "John Doe" #1-9 and The City of New York intentionally entered plaintiff Antonia Gonzalez' residence.

89.   The entry of defendants Patricio Ovando, "John Doe" #1-9 and The City of New York into plaintiff Antonia Gonzalez' residence was without the permission of plaintiff Antonia Gonzalez.

90.   The entry of defendants Patricio Ovando, "John Doe" #1-9 and The City of New York into plaintiff Antonia Gonzalez' residence constituted a trespass.

91.   Upon entering plaintiff Antonia Gonzalez's residence, defendants Patricio Ovando, "John Doe" #1-9 and The City of New York caused damage to the contents of the plaintiff's residence.

## COUNT SEVEN ON BEHALF OF ANTONIA GONZALEZ
## COMMON LAW ASSAULT AND BATTERY

92.   Plaintiffs incorporate by reference paragraphs 1 through 91 of this Complaint as though the same were set forth fully herein.

93.   Defendants Patricio Ovando, "John Doe" #1-9 and The City of New York committed an assault and battery on the person of plaintiff Antonia Gonzalez by handcuffing her.

94.   As a result of the foregoing, plaintiff Antonia Gonzalez experienced pain, physical discomfort, emotional distress, hardship and anxiety.

## COUNT EIGHT ON BEHALF OF PLAINTIFF ANTONIA GONZALEZ
## UNREASONABLE SEARCH UNDER ARTICLE ONE, §12 OF THE CONSTITUTION OF THE STATE OF NEW YORK AND §8 OF THE NEW YORK STATE CIVIL RIGHTS LAW

95. Plaintiffs incorporate by reference paragraphs 1 through 94 of this Complaint as though the same were set forth fully herein.

96. Defendants Patricio Ovando, "John Doe" #1-9 and The City of New York violated plaintiff Antonia Gonzalez' right to be free of unreasonable searches and seizures guaranteed by Article One, §12 of the Constitution of the State of New York and §8 of the New York State Civil Rights Law by applying for and obtaining a search warrant, failing to conduct a proper investigation, basing the application for a search warrant on information provided by an unreliable informant, and failing to corroborate the information provided by the informant.

97. As a result of the actions of defendants Patricio Ovando, "John Doe" #1-9 and The City of New York, plaintiff Antonia Gonzalez was deprived of her right to be secure in her home, was deprived of her liberty, and suffered embarrassment, humiliation, and physical and emotional distress.

## COUNT NINE ON BEHALF OF PLAINTIFF JORGE CANTRES
## UNREASONABLE SEARCH AND SEIZURE PURSUANT TO 42 U.S.C. §1983

98. Plaintiffs incorporate by reference paragraphs 1 through 97 of this Complaint as though the same were set forth fully herein.

99. Upon information and belief, the issuance of the search warrant for plaintiff Jorge Cantres' residence was the result of incompetence on the part of defendant Patricio Ovando in identifying the premises for which the search warrant was sought.

100. Upon information and belief, the issuance of the search warrant for plaintiff Jorge Cantres' residence was the result of incompetence on the part of defendant Patricio Ovando in failing

to verify the information upon which the application for the search warrant was based.

101. Upon information and belief, the issuance of the search warrant for plaintiff Jorge Cantres' residence was the result of incompetence on the part defendant Patricio Ovando in failing to corroborate the information upon which the application for the search warrant was based.

102. Upon information and belief, the issuance of the search warrant for plaintiff Jorge Cantres' residence was the result of incompetence on the part of defendant Patricio Ovando in entering the location for which the search warrant was sought in the application for the search warrant.

103. Upon information and belief, the issuance of the search warrant for plaintiff Jorge Cantres' residence was the result of  incompetence on the part of defendant "John Doe" #1 in identifying the premises for which the search warrant was sought.

104. Upon information and belief, the issuance of the search warrant for plaintiff Jorge Cantres' residence was the result of incompetence on the part of defendant "John Doe" #1 in failing to verify the information upon which the application for the search warrant was based.

105. Upon information and belief, the issuance of the search warrant for plaintiff Jorge Cantres' residence was the result of incompetence on the part of defendant "John Doe" #1 in entering the location for which the search warrant was sought in the application for the search warrant.

106. Defendants Patricio Ovando and "John Doe" #1 were acting under color of state law when they obtained a search warrant for plaintiff Jorge Cantres' residence upon the basis of inadequate and inaccurate information.

107. Defendants Patricio Ovando and "John Doe" #1-9 were acting under color of state law when they forcibly entered plaintiff Jorge Cantres' residence pursuant to an improperly obtained search warrant.

108.  Defendants Patricio Ovando and "John Doe" #1-9 were acting under color of state law when they searched the residence of plaintiff Jorge Cantres pursuant to an improperly obtained search warrant.

109.  Defendants Patricio Ovando and "John Doe" #1-9 deprived plaintiff Jorge Cantres of his right to be secure in his person, house, papers and effects against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by forcibly entering and searching plaintiff Jorge Cantres' residence pursuant to an improperly obtained search warrant.

110.  As a result of the foregoing, plaintiff Jorge Cantres was subjected to embarrassment, humiliation and emotional distress.

## COUNT TEN ON BEHALF OF PLAINTIFF JORGE CANTRES
## UNREASONABLE SEARCH AND SEIZURE PURSUANT TO 42 U.S.C. §1983

111.  Plaintiffs incorporate by reference paragraphs 1 through 110 this Complaint as though the same were set forth fully herein.

112.  Upon entering the residence of plaintiff Jorge Cantres, defendants Patricio Ovando and "John Doe" #1-9 should have realized that an error had been made and that they were in the wrong premises.

113.  Defendants Patricio Ovando and "John Doe" #1-9 improperly remained in plaintiff Jorge Cantres' residence when they realized, or should have realized, that they were in the wrong premises.

114.  Defendants Patricio Ovando and "John Doe" #1-9 were acting under color of state law when they remained in plaintiff Jorge Cantres' residence after they realized, or should have realized, that they were in the wrong premises.

115.  Defendants Patricio Ovando and "John Doe" #1-9 were acting under color of state law when they searched plaintiff Jorge Cantres' residence after they realized, or should have realized, that they were in the wrong premises.

116.  Defendants Patricio Ovando and "John Doe" #1-9 deprived plaintiff Jorge Cantres of his right to be secure in his person, house, papers and effects against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by searching plaintiff Jorge Cantres' residence after they realized or should have realized that they were in the wrong premises.

117.  As a result of the foregoing, plaintiff Jorge Cantres was subjected to embarrassment, humiliation and emotional distress.

## COUNT ELEVEN ON BEHALF OF PLAINTIFF JORGE CANTRES
### FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

118.  Plaintiffs incorporate by reference paragraphs 1 through 117 of this Complaint as though the same were set forth fully herein.

119.  The seizure, arrest, detention and imprisonment of plaintiff Jorge Cantres were made without any warrant or other legal process directing or authorizing his seizure, arrest, detention, or imprisonment.

120.  The seizure, arrest, detention and imprisonment of plaintiff Jorge Cantres were made without probable cause to believe that he had committed a crime or offense.

121.  Plaintiff Jorge Cantres was aware of his seizure, arrest, detention and imprisonment by the defendants.

122.  Plaintiff Jorge Cantres did not consent to his seizure, arrest, detention or imprisonment.

123. As a result of the foregoing, plaintiff Jorge Cantres was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

124. Defendants Patricio Ovando and "John Doe" #1-9 were acting under color of state law when they seized, arrested, detained and imprisoned plaintiff Jorge Cantres.

125. Defendants Patricio Ovando and "John Doe" #1-9 deprived plaintiff Jorge Cantres of his right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, arresting, detaining and imprisoning plaintiff Jorge Cantres.

### COUNT TWELVE ON BEHALF OF PLAINTIFF JORGE CANTRES
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

126. Plaintiffs incorporate by reference paragraphs 1 through 125 of this Complaint as though the same were set forth fully herein.

127. The acts complained of were carried out by the individual defendants in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

128. The forcible entry into and search of plaintiff Jorge Cantres' residence resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the requirements for applying for search warrants, verifying the addresses for which search warrants were being applied and the execution of search warrants.

129. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice permitting the application for and execution of search warrants at incorrect addresses.

130.   Defendant the City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of condoning police entry into the wrong premises when executing a search warrant.

131.   Defendant The City of New York deprived plaintiff Jorge Cantres of his right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing policies, practices or customs of applying for and executing search warrants at incorrect premises.

### COUNT THIRTEEN ON BEHALF OF PLAINTIFF JORGE CANTRES MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

132.   Plaintiffs incorporate by reference paragraphs 1 through 131 of this Complaint as though the same were set forth fully herein.

133.   The application for a search warrant at an incorrect address, the forcible entry into and search of plaintiff Jorge Cantres' residence, and the detention and imprisonment of plaintiff Jorge Cantres resulted from the failure of defendant The City of New York properly to train, retrain, supervise, monitor and discipline its police officers for violations of civil rights.

134.   Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Jorge Cantres would be violated.

135.   Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Jorge Cantres.

136.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

137.  Defendant The City of New York deprived plaintiff Jorge Cantres of his rights to be free of unlawful searches and seizures guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom  of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

### COUNT FOURTEEN ON BEHALF OF PLAINTIFF JORGE CANTRES
### COMMON LAW TRESPASS

138.  Plaintiffs incorporate by reference paragraphs 1 through 137 of this Complaint as though the same were set forth fully herein.

139.  Defendants Patricio Ovando, "John Doe" #1-9 and The City of New York intentionally entered plaintiff Jorge Cantres' residence.

140.  The entry of defendants Patricio Ovando, "John Doe" #1-9 and The City of New York into plaintiff Jorge Cantres' residence was without the permission of plaintiff Jorge Cantres.

141.  The entry of defendants Patricio Ovando, "John Doe" #1-9 and The City of New York into plaintiff Jorge Cantres' residence constituted a trespass.

142.  Upon entering plaintiff Jorge Cantres' residence, defendants Patricio Ovando, "John Doe" #1-9 and The City of New York caused damage to the contents of the plaintiff's residence.

### COUNT FIFTEEN ON BEHALF OF JORGE CANTRES
### COMMON LAW ASSAULT AND BATTERY

143.  Plaintiffs incorporate by reference paragraphs 1 through 142 of this Complaint as

though the same were set forth fully herein.

144.   Defendants Patricio Ovando, "John Doe" #1-9 and The City of New York committed an  assault and battery on the person of plaintiff Jorge Cantres by handcuffing him.

145.   As a result of the foregoing, plaintiff Jorge Cantres experienced pain, physical discomfort, emotional distress, hardship and anxiety.

**COUNT SIXTEEN ON BEHALF OF PLAINTIFF JORGE CANTRES**
**UNREASONABLE SEARCH UNDER ARTICLE ONE, §12 OF THE CONSTITUTION OF**
**THE STATE OF NEW YORK AND §8 OF THE NEW YORK STATE CIVIL RIGHTS LAW**

146.   Plaintiffs incorporate by reference paragraphs 1 through 145 of this Complaint as though the same were set forth fully herein.

147.   Defendants Patricio Ovando, "John Doe" #1-9 and The City of New York violated plaintiff Jorge Cantres' right to be free of unreasonable searches and seizures guaranteed by Article One, §12 of the Constitution of the State of New York and §8 of the New York State Civil Rights Law by applying for and obtaining a search warrant, failing to conduct a proper investigation, basing the application for a search warrant on information provided by an unreliable informant, and failing to corroborate the information provided by the informant.

148.   As a result of the actions of defendants Patricio Ovando, "John Doe" #1-9 and The City of New York, plaintiff Jorge Cantres was deprived of his right to be secure in his home, was deprived of his liberty, and suffered embarrassment, humiliation, and physical and emotional distress.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs respectfully requests that this Court grant the following relief:

A. Award the plaintiffs compensatory damages to be determined by the jury at the time of trial;

B. Award the plaintiffs punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiff s reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

### JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
       February 5, 2013

                                    MICHELSTEIN & ASSOCIATES, PLLC

                                    By: _____
                                        STEVEN MICHELSTEIN (SM3323)
                                        Attorneys for Plaintiff
                                        485 Madison Avenue
                                        New York, New York 10022
                                        (212) 588-0880